**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRONCHE JOHNSON, | No. 08-16466 |
| Plaintiff - Appellant, | D.C. No. 2:04-CV-01783-FCD-KJM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Bronche Johnson, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging prison officials

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated his rights by disciplining him for refusing to comply with prison hair grooming regulations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002), and we affirm.

The district court properly entered summary judgment on Johnson's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on qualified immunity because the pertinent law was not clearly established in 2003 and 2004, at the time the alleged violations occurred. *See Pearson v. Callahan*, 129 S.Ct. 808, 822 (2009) (holding that state officers were entitled to qualified immunity because their actions did not violate clearly established law); *see also Warsoldier v. Woodford*, 418 F.3d 989, 997 n. 7 (9th Cir. 2005) ("There exists little Ninth Circuit authority construing RLUIPA.").

We do not consider arguments not raised in the opening brief, or raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Johnson's remaining contentions are unpersuasive.

**AFFIRMED.**